**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| BRETT D. FLEISCH,<br><br>          Appellant, | DOCKET NUMBER<br>DC-3443-16-0313-I-1 |
| v. | |
| NATIONAL SCIENCE<br>    FOUNDATION,<br>          Agency. | DATE: December 6, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Brett D. Fleisch</u>, Riverside, California, pro se.

<u>Deanne Sobczak</u>, Arlington, Virginia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his employment practices appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact;  the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant was an employee of the University of California. Initial Appeal File (IAF), Tab 8 at 13. From February 13 to March 28, 2004, the appellant was appointed to the agency as an intermittent expert. IAF, Tab 3 at 11, 14. The appointment was nonpermanent and in the excepted service. *Id.* From March 29, 2004, until September 30, 2007, he was detailed to the agency under the Intergovernmental Personnel Act (IPA). IAF, Tab 3 at 14, Tab 8 at 13-16. In January 2014, he applied for a position with the agency that was advertised under vacancy announcement number ACI-2014-0001; however, the agency did not select him for the position. IAF, Tab 3 at 14, 47.

¶3 The appellant filed this appeal on January 23, 2016, and requested a hearing. IAF, Tab 1. He alleged that the agency denied him reinstatement when it did not select him for the position that he applied for in January 2014 and that the agency failed to recognize his prior Federal service as an IPA employee when considering his application. *Id.* at 4.

¶4        In an acknowledgment order, the administrative judge informed the appellant of his burden of proving the Board's jurisdiction over his appeal.  IAF, Tab 2 at 2-5.  The administrative judge noted that, although the Board generally lacks jurisdiction over a nonselection, there are five exceptions whereby the Board has jurisdiction over a nonselection.  *Id.* at 2-3.  In particular, he apprised the appellant of the requirements of showing Board jurisdiction over an alleged employment practice violation under 5 C.F.R. § 300.104(a).  *Id.* at 3-5.  He ordered the appellant to file evidence and argument on the jurisdictional issue.  *Id.* at 5.  The appellant responded that the Board had jurisdiction over his appeal because the agency and the Office of Personnel Management (OPM) had applied to him an employment practice in violation of 5 C.F.R. § 300.103 by using "faulty data" in his Standard Form 50 (SF-50) that "did not give proper credit for [F]ederal service time to IPAs."  IAF, Tab 3 at 4.[2]  He also raised a claim of discrimination against IPA employees.  *Id.*  The agency argued that the appeal should be dismissed for lack of jurisdiction and as untimely filed.  IAF, Tab 8 at 4-8.  The appellant filed a pleading in response that raised another discrimination claim.  IAF, Tab 9.  In a second order, the administrative judge explained to the appellant the relevant jurisdictional and timeliness issues.  IAF, Tab 12.  He ordered the appellant to respond to these issues.  *Id.* at 3.  The appellant's response to the order was rejected as untimely filed.  IAF, Tab 14.

¶5        Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction.  IAF, Tab 15, Initial Decision (ID) at 1, 6.  Specifically, the administrative judge found that the agency put the appellant on notice that he would not be considered a Federal employee during the time he served as an IPA employee.  ID at 4.  The

---

[2] Although the appellant cited "5 U.S.C. § 300.103," which does not exist, we assume he meant to refer to 5 C.F.R. § 300.103.  IAF, Tab 3 at 4; *see Thompson v. Office of Personnel Management*, 81 M.S.P.R. 677, ¶ 5 (1999) (stating that a pro se appellant is not required to plead issues with the precision of an attorney in a judicial proceeding).

administrative judge further found that, instead of challenging an employment practice that violated a requirement set forth in 5 C.F.R. § 300.103, the appellant was challenging his nonselection for a specific position, a matter over which the Board lacks jurisdiction. ID at 4-5. The administrative judge found, too, that the appellant was not entitled to reinstatement because he was not previously employed in the competitive service and that the Board lacks jurisdiction to review his reinstatement claim under 5 C.F.R. § 315.401. ID at 5-6. Additionally, the administrative judge found that, to the extent the appellant raised claims of discrimination and retaliation, such claims were beyond the Board's purview absent an appealable action. ID at 6. Finally, the administrative judge denied the appellant's request for a hearing because he had failed to raise a nonfrivolous allegation of Board jurisdiction. *Id.*

¶6     The appellant has filed a petition for review. Petition for Review (PFR) File, Tabs 1-4. The agency has filed a response. PFR File, Tab 6. The appellant has filed a reply to the agency's response. PFR File, Tab 7.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7     The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). If an appellant makes a nonfrivolous allegation[3] of Board jurisdiction over an appeal, he is entitled to a jurisdictional hearing at which he must prove jurisdiction by a preponderance of the evidence.[4] *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc), *superseded on other grounds as stated in Clark v. U.S. Postal Service*, 123 M.S.P.R. 466 (2016); 5 C.F.R. § 1201.56(b)(2)(i)(A).

---

[3] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

[4] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

¶8      Generally, a nonselection is not appealable directly to the Board. *Prewitt v. Merit Systems Protection Board*, 133 F.3d 885, 886 (Fed. Cir. 1998). As the administrative judge correctly informed the appellant, however, an applicant for employment who believes that an employment practice applied to him by OPM violates a basic requirement set forth in 5 C.F.R. § 300.103 is entitled to appeal to the Board. IAF, Tab 2 at 3-4; *Burroughs v. Department of the Army*, 116 M.S.P.R. 292, ¶ 15 (2011); 5 C.F.R. § 300.104(a). The Board has jurisdiction over an employment practice claim under 5 C.F.R. § 300.104(a) when the following two conditions are met: (1) the appeal must concern an employment practice that OPM is involved in administering; and (2) the appellant must make a nonfrivolous allegation that the employment practice violated one of the "basic requirements" for employment practices set forth in 5 C.F.R. § 300.103. *Burroughs*, 116 M.S.P.R. 292, ¶ 15. Moreover, an agency's misapplying a valid OPM requirement may constitute an appealable employment practice action. *Scott v. Department of Justice*, 105 M.S.P.R. 482, ¶ 10 (2007). The term "employment practices" includes the development and use of examinations, qualification standards, tests, and other measurement instruments. *Id.*; 5 C.F.R. § 300.101. Although that term is to be construed broadly, "an individual agency action or decision that is not made pursuant to or as part of a rule or practice of some kind does not qualify as an 'employment practice.'" *Prewitt*, 133 F.3d at 887.

¶9      Here, the administrative judge properly found that the appellant failed to nonfrivolously allege that the agency or OPM applied an employment practice to him that violated a requirement set forth in 5 C.F.R. § 300.103. ID at 4-5. The appellant argued below that the agency's and OPM's refusal to recognize as Federal service his detail to the agency under the IPA violated 5 C.F.R. § 300.103(c) because this meant he was discriminated against based on a nonmerit factor. IAF, Tab 3 at 4. However, we find that he has failed to identify an employment practice that OPM is involved in administering. *See, e.g.*,

*Richardson v. Department of Defense*, 78 M.S.P.R. 58, 61 (1998) (finding no jurisdiction over an employment practices appeal when the appellant failed to identify a basic requirement that was missing from the instrument the agency used to evaluate her application and she was simply contesting the agency's rating and handling of her individual application).

¶10    Further, we agree with the administrative judge's finding that the Board lacks jurisdiction to review a denial of reinstatement claim under 5 C.F.R. § 315.401.  ID at 6; *see Hicks v. Department of the Navy*, 33 M.S.P.R. 511, 513 (1987) (finding that the administrative judge correctly held that 5 C.F.R. § 315.401 does not provide the Board with jurisdiction over an agency's alleged denial of reinstatement rights under that section).  Because the appellant has failed to specify a statute or regulation that provides the Board with jurisdiction over a denial of reinstatement claim, we decline to review the administrative judge's finding that the appellant is not entitled to reinstatement.  ID at 5-6; *see Hipona v. Department of the Army*, 39 M.S.P.R. 522, 525 (1989) (stating that there is no statute or regulation that provides the Board with jurisdiction to review an agency's decision to deny reinstatement eligibility to an individual applying for employment).

¶11    In his petition for review, the appellant reasserts that OPM and the agency discriminated against him by refusing to recognize his detail to the agency under the IPA as Federal service.  PFR File, Tab 1 at 1-2, Tab 4 at 3, Tab 7.  However, as stated above, he has failed to specify an employment practice that OPM is involved in administering.  *Burroughs*, 116 M.S.P.R. 292, ¶ 15.  He also reiterates his claim that the agency denied him reinstatement, but fails to state a basis for Board jurisdiction over such claim.  PFR File, Tab 1 at 1-2, Tab 4 at 3, Tab 7.  In addition, his arguments that he has reinstatement eligibility because he performed Federal service as an IPA employee and that his SF-50 is missing data are insufficient to establish Board jurisdiction.  PFR File, Tab 1 at 1-2, Tab 2, Tab 4 at 3, Tab 7.  The appellant claims that the administrative judge ignored the "Cusik

memo" in his pleading. PFR File, Tab 7; IAF, Tab 3 at 15-27. However, an administrative judge's failure to mention all of the evidence of record does not mean that he did not consider it in reaching his decision. *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). Moreover, the "Cusik memo" concerning the ethical obligations of individuals serving on detail to Federal agencies under the IPA is not relevant to the dispositive jurisdictional issue before us. IAF, Tab 3 at 15-27.

¶12     For the first time on review, the appellant raises a claim of retaliation for whistleblowing and alleges that he has filed a complaint with the Office of Special Counsel.[5] PFR File, Tab 1 at 1. We decline to address his claim further though because he did not raise this argument below and has not explained his failure to do so. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (observing that, generally, the Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence).

¶13     The administrative judge stated the general rule that the appellant's discrimination and retaliation claims could not confer jurisdiction on the Board when it does not otherwise exist. ID at 6; *see Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (stating that prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982). Yet, in the context of an employment practices appeal, this rule does not apply. *Richardson*, 78 M.S.P.R. at 62. A basic requirement under 5 C.F.R. § 300.103(c) is that employment practices may not discriminate based on nonmerit factors. Further, an exception to the general rule that the Board lacks jurisdiction over nonselections is when an appellant claims that a nonselection was made in retaliation for whistleblowing or certain

---

[5] Although the administrative judge made a finding regarding a potential retaliation claim, we find no evidence in the record that the appellant actually raised a retaliation claim below. ID at 6.

protected activity. IAF, Tab 2 at 3. However, the administrative judge's overbroad statement did not prejudice the appellant's substantive rights and, thus, does not provide a basis for disturbing the initial decision. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

¶14 Accordingly, we find that the administrative judge properly dismissed this appeal for lack of jurisdiction.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek

review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode/htm.  Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.  Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.